Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2417 | **DATE** | 6/11/2001 |
| **CASE TITLE** | TAISA SZYSZKO vs. ALEXANDER SZYSZKO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Bankruptcy Court's February 13, 2001 order granting the sale of the real estate located at 153 Founders Point, South Bloomingdale, Illinois, is stayed pending the present appeal. Status hearing held and continued to July 5, 2001 at 9:30 a.m.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JUN 12 2000 date docketed | |
| | Notified counsel by telephone. | | | 14 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | FILED FOR DOCKETING 01 JUN 11 PM 5: 44 Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TAISA SZYSZKO,

    Appellant,

v.

ALEXANDER SZYSZKO,

    Appellee.

No. 01 C 2417

Judge John W. Darrah

DOCKETED JUN 1 2 2001

## MEMORANDUM OPINION AND ORDER

Appellant, Taisa Szyszko (Taisa), appealed the Bankruptcy Court's grant of appellee, Alexander Szyszko's (Alexander) motion to compel the sale of the family's residence. Taisa alleges that the Bankruptcy Court erred in not having an adversary proceeding prior to authorizing the sale of the residence and erred under the totality of the circumstances in authorizing the sale of the residence. Presently before the Court is Taisa's Motion to Stay Pending Appeal.

Taisa and Alexander were married in 1997 in Poland. In March 1978, Radoslaw, the Szyszko's first son, was born. In August 1980, Alexander left Poland to come to the United States. Taisa and Radoslaw stayed in Poland.

In 1986, Alexander filed for divorce in the United States by publication. In September 1986, the Circuit Court of Cook County, Illinois, found Taisa in default and granted Alexander a judgment for dissolution of marriage.

In September 1988, Taisa and Radoslaw came to the United States and lived with Alexander. Taisa testified that, throughout this time, she was unaware that Alexander filed and was granted a divorce and that she and Alexander lived as husband and wife when she came to the United States.

In September 1991, Tomasz, Szyszko's second son, was born.

In 1996, Alexander moved out of the family's residence, and Taisa subsequently filed for divorce. In December 1997, the 1986 divorce decree was vacated based on the court's ruling that Taisa's due process rights were violated by the publication divorce. In January 1999, Alexander filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. The Chapter 11 case was converted to one under Chapter 7 in September 1999. In June 2000, the Illinois Appellate Court reversed the court's order vacating the 1986 decree, finding the lower court erred in its conclusion that Taisa's constitutional rights had been violated. The Appellate Court remanded for a determination whether Taisa was a putative spouse pursuant to Illinois law. On remand, the Circuit Court found that Taisa was a punative spouse.

In July 2000, Alexander filed his first motion to compel the sale of the family's residence. In December 2000, Alexander filed his last amended motion to compel the sale of the family's residence. In January 2001, the Circuit Court found that Taisa was the putative spouse of Alexander. In February 2001, the Bankruptcy Court granted Alexander's motion and "authorized, empowered and directed [the Trustee] to offer for [sale]" the family's house. Taisa has appealed this order and seeks a stay on the sale of the residence.

A four-part analysis is conducted to determine whether a stay pending an appeal is appropriate. The Court considers: (1) the likelihood of success on the merits of the appeal; (2) whether the movant will suffer irreparable injury if the stay is not granted; (3) whether the other parties will suffer substantial harm by the granting of the stay; and (4) whether the public interest will be served by granting a stay. *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997) (*Forty-Eight*). The movant has the threshold burden of demonstrating the first two factors.

2

If the movant makes these threshold showings, the Court balances the relative harms considering all four factors using a "sliding scale" approach. *Forty-Eight*, 115 F.3d at 1300-01.

On appeal, Taisa alleges that the Bankruptcy Court erred in finding that she did not have an interest in the residence prior to Alexander filing for bankruptcy and that such error deprived her of the adversary hearing required by Fed. R. Bank. P. 7001. Taisa's appeal is presently in the briefing stage but has not been fully briefed. Therefore, the merits of her case are determined from the parties' briefs in conjunction with the present motion.

The Bankruptcy Court found, in part, that Taisa's interest in the residence was that of a secured creditor because she had not obtained an interest in the residence prior to the bankruptcy filing. Taisa alleges that, pursuant to 5/503 of the Illinois Marriage & Dissolution of Marriage Act (750 ILCS 5/503), she obtained a vested interest in the residence upon the filing of her petition for divorce before Alexander filed for bankruptcy.

Section 503 provides that property acquired by either spouse after the marriage and before a judgment of dissolution of marriage is presumed to be marital property subject to certain exceptions. 750 ILCS 5/503(b)(1). In addition, "[e]ach spouse has a species of common ownership in the marital property which vests at the time dissolution proceedings are commenced...." 750 ILCS 5/503(e). The Circuit Court's finding that Taisa is Alexander's punitive spouse and the statute cited above support Taisa's claim that she had a vested interest in the residence and that such interest required an adversary hearing under Rule 7001. Accordingly, Taisa has demonstrated a sufficient likelihood of success on the merits.

If a stay is not issued, the Trustee may sell the residence in which Taisa and her minor child reside and have resided in for several years. The loss of the residence in which an individual

3

currently resides has been found to constitute irreparable harm. *See In re Skinner*, 202 B.R. 867, 869 (W.D. Vir. 1996); *In re Barnes*, 119 B.R. 552, 558 (S.D. Ohio 1989). Furthermore, Taisa has no independent means of support, making alternate housing more difficult to obtain. Accordingly, Taisa has demonstrated irreparable harm if the stay is not granted.

Balancing the relative harms in light of the four factors weighs in favor of issuing the stay. If the stay is denied, Taisa and her minor son bear the risk of being forced out of their home and must seek alternative housing. The pending appeal is expected to be fully briefed by June 21, 2001; and a ruling is expected in early July 2001. Therefore, the delay in selling the home is for a short period of time and is unlikely to effect the value of the residence should Taisa lose her appeal. In addition, the short delay is unlikely to decrease Alexander's estate as he is presently paying for the residence and has agreed to pay for alternate housing. Furthermore, Alexander's estate appears to be sufficient to cover all of his debts, and there is possibility the estate will have an excess over the total debts. As such, the risk to Alexander's creditors is minimal. Such a low risk is demonstrated by the fact that Alexander, not a creditor, requested the home be sold. Accordingly, the relative harms weigh in favor of granting the stay.

Taisa seeks the stay without filing of a bond. Ordinarily, a party is entitled to a stay pending an appeal only by posting an appropriate bond. Fed. R. Civ. P. 62(d); Fed. R. Bank. P. 7062; *In re Carlson*, 224 F.3d 716, 719 (7th Cir. 2000). However, posting of a bond is not mandatory to a stay under 62(d), especially where the district court is satisfied that the bond expenditure is unnecessary to protect the appellee during the pendency of the appeal. *Northern Indiana Pub. Serv. Co. v. Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986); *Olympia Equip. Leasing Co.*, 786 F.2d 794, 796 (7th Cir. 1986). In the alternative, the appellant may request that the district court employ

its discretion and waive the bond requirement. *See Dillion v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988) (*Dillion*). Factors considered in determining whether to waive the bond requirement include: (1) the complexity of the collection process; (2) the amount of time required to execute judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post bond would place other creditors of the defendant in an unsecured position. *Dillion*, 866 F.2d at 904-05.

In the present case, Taisa is not seeking to stay the payment of a monetary award. Instead, she seeks a stay of the sale of her residence to maintain the status quo while the appeal is pending. Therefore, the first, third, and fifth factors are not applicable. As to the second factor, the amount of time it would take to place the residence for sale should Taisa lose her appeal would be very short. There is also no evidence that staying the sale of the home would place Alexander or any of his creditors in an unsecured position. Furthermore, Alexander does not argue, and the Court is unable to ascertain, how the posting of a monetary bond protects Alexander's interests should Taisa's appeal fail. If the appeal fails, the residence may be sold without an adversary hearing because Taisa would not have a vested interest in the home. Alexander nor his creditors have the risk of not receiving money "awarded" to Alexander because no money has been awarded. Accordingly, Taisa is not required to post a bond. However, as a condition of the stay, Taisa is required to reasonably maintain the property and may not engage in conduct that could decrease the value of the property.

For the reasons state above, the Bankruptcy Court's February 13, 2001 Order granting the sale of the real estate located at 153 Founders Pointe, South Bloomingdale, Illinois, is stayed pending the present appeal.

Dated: June 11, 2001

JOHN W. DARRAH
United States District Judge