Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 2417 | DATE | 7/5/2001 |
| CASE TITLE | TAISA SZYSZKO vs. ALEXANDER SZYSZKO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. The Court remands this case to the Bankruptcy Court for further proceedings consistent with this opinion.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 6 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | FILED FOR DOCKETING | |
| LG | courtroom deputy's initials | | 01 JUL -5 PM 5: 50 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TAISA SZYSZKO, | ) | |
| Appellant, | ) ) ) | |
| | ) | No. 01 C 2417 |
| v. | ) ) | |
| ALEXANDER SZYSZKO, | ) ) | Judge John W. Darrah |
| Appellee. | ) ) | |



## MEMORANDUM OPINION AND ORDER

Appellant, Taisa Szyszko (Taisa), has appealed the Bankruptcy Court's grant of appellee's, Alexander Szyszko's (Alexander), motion to compel the sale of the family's residence. Taisa alleges that the Bankruptcy Court erred in ordering the sale of the family's residence after the court previously granted the state court the right to determine Taisa's interests in marital property and erred by failing to conduct an adversary proceeding prior to authorizing the sale of the residence.

Taisa and Alexander were married in 1997 in Poland. In March 1978, Radoslaw, the Szyszko's first son, was born. In August 1980, Alexander left Poland to come to the United States. Taisa and Radoslaw stayed in Poland.

In 1986, Alexander filed for divorce in the United States by publication. In September 1986, the Circuit Court of Cook County, Illinois, found Taisa in default and granted Alexander a judgment for dissolution of marriage.

In September 1988, Taisa and Radoslaw came to the United States and lived with Alexander. Taisa testified that, throughout this time, she was unaware that Alexander filed and was granted a divorce and that she and Alexander lived as husband and wife when she came to the United States.

16

In September 1991, Tomasz, Szyszko's second son, was born.

In 1996, Alexander moved out of the family's residence, and Taisa subsequently filed for divorce. In December 1997, the 1986 divorce decree obtained by Alexander was vacated based on the court's ruling that Taisa's due process rights were violated by the publication divorce. In January 1999, Alexander filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. In March 1999, the Bankruptcy Court entered an order modifying the Automatic Stay so that Taisa could proceed in the Circuit Court to establish, modify, and enforce its orders regarding alimony, maintenance, or child support. The order also allowed the divorce proceedings to move forward and establish Taisa's interest in the marital property. The order stated that Taisa could not enforce any orders entered by the state court against property of the estate without further order of the Bankruptcy Court.

The Chapter 11 case was converted to one under Chapter 7 in September 1999. In June 2000, the Illinois Appellate Court reversed the court's order vacating the 1986 decree, finding the lower court erred in its conclusion that Taisa's constitutional rights had been violated. The Appellate Court remanded for a determination whether Taisa was a putative spouse pursuant to Illinois law. On remand, the Circuit Court found that Taisa was a putative spouse. A putative spouse has the same rights conferred upon a legal spouse. 750 ILCS 5/305.

In July 2000, Alexander filed his first motion to compel the sale of the family's residence. In December 2000, Alexander filed his last amended motion to compel the sale of the family's residence. In January 2001, the Circuit Court found that Taisa was the putative spouse of Alexander.

In February 2001, the Bankruptcy Court granted Alexander's motion and authorized the sale of the family's residence. The Bankruptcy Court found, in part, that "because no distribution award

was granted by the state court case prior to the commencement of Debtor's Chapter 7 bankruptcy case, Taisa, if found to have been a putative spouse, could have only a general unsecured claim against the estate and would not obtain any proprietary rights in the Property." In support of its findings, the Bankruptcy Court cited *In re Abma*, 215 B.R. 148 (N.D.Ill. 1997) (*Abma*), citing *In re Cole*, 202 B.R. 356, 360 (Bankr. S.D.N.Y. 1996) (*Cole*). The court also found that had it been determined that Taisa held an undivided interest in the property, the sale of the residence would be authorized under section 363(h) of the Bankruptcy Code,.

The Bankruptcy Court's conclusions of law are reviewed *de novo* by this Court. *In re Rovell*, 194 F.3d 867, 870 (7th Cir. 1999).

"Property interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55 (1979) *Butner*). If the equitable distribution law creates statutory rights in marital property, the bankruptcy court should honor those laws unless some federal interest requires a different result. *Butner*, 440 U.S. at 55.

Property acquired by either spouse after the marriage and before a judgment of dissolution of marriage is presumed to be marital property subject to certain exceptions. 750 ILCS 5/503(b)(1). In the instant case, the state court determined that Taisa is a putative spouse. Pursuant to Illinois law, Taisa obtained a "species of common ownership in the marital property", which would include the family's residence at the time she filed for divorce.

Taisa filed for divorce prior to appellee filing his bankruptcy petition. In Illinois, "[e]ach spouse has a species of common ownership in the marital property which <u>vests</u> at the time dissolution proceedings are commenced...." 750 ILCS 5/503(e) (emphasis added). Therefore, Taisa obtained a vested interest in the family's residence prior to the filing of the bankruptcy procedure.

3

Appellee argues that case law in which courts found that a non-owner spouse's interest in a pension or retirement fund does not vest until entry of a judgment of divorce support the Bankruptcy Court's finding. *See, e.g., In re Marriage of Roehm*, 216 Ill. App. 3d 891, 894 (1991); *In re Brown*, 168 B.R. 331, 334 (N.D.Ill. 1994). However, these cases are not applicable to the present case. In the cases cited by appellee, the property in question was a pension fund. Pension funds are governed by federal law, the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 et seq.), which preempts state law (*Mansell v. Mansell*, 490 U.S. 581, 587 (1989). An ex-spouse does not have an enforceable interest against a debtor's pension fund until a QDRO is filed. The ex-spouse has an equitable interest in the pension from the divorce decree which gives the ex-spouse the right to obtain a QDRO. *See In re Long*, 148 B.R. 904, 907 (W.D.Mo. 1992). Accordingly, pursuant to federal law, a divorce decree vests the non-debtor spouse's interest in a pension fund.

ERISA does not apply to the instant case, and there is no other federal law that preempts Illinois matrimonial law as to real property. Therefore, pursuant to Illinois law, Taisa's interest in the marital property, including the family residence, vested at the time she filed for divorce.

Some courts have found that where an award for marital dissolution has not been made at the time the bankruptcy petition is filed, the non-debtor spouse's inchoate rights in marital property is "cut-off" by the trustee's status as a hypothetical lien creditor. *See Cole*, 202 B.R. at 360; *In re Perlow*, 128 B.R. 412, 415 (E.D.N.C. 1991). These courts have relied upon two factors in reaching their decisions. First, property interest of the non-debtor spouse, as defined by state law, did not vest until the entry of a judgment dissolving the marriage; therefore, the non-debtor spouse did not have a vested interest prior to entry of judgment, and the debtor's property came into the estate free of the claims of the spouse. *Cole*, 202 B.R. at 360; *In re Palmer*, 78 B.R. 402, 406 (E.D.N.Y. 1987)

4

(*Palmer*). Other courts have found that the trustee's status of a hypothetical lien creditor, pursuant to 11 U.S.C. § 544, cut-off the non-debtor spouse's vested interest in marital property because the non-debtor spouse failed to file a notice of *lis pendens* giving notice of the filing of the divorce proceeding and thereby perfecting the non-debtor spouse's vested rights in real property. *In re Fisher*, 67 B.R. 666, 669 (Colo. 1986) (*Fisher*); *Perlow*, 128 B.R. at 415.

The Bankruptcy Court in the instant case, citing to *Abma*, *Cole*, and *Palmer*, found that Taisa had only inchoate rights in the marital property that were "cut-off" by the trustee's status as a hypothetical lien creditor. The Bankruptcy Court relied upon *Abma* in making its findings, and the *Abma* court relied upon *Cole* and *Palmer* in reaching its decision. However, the state matrimonial law of Illinois is materially different than that of New York, which was relied upon in *Cole* and *Palmer*. Unlike New York state law, in Illinois, a spouse's interest in marital property vests at the time the divorce petition is filed. Contrary to the non-debtor spouses in *Cole* and *Palmer*, whom did not have a vested interest in the marital property at the time the bankruptcy petition was filed, Taisa did have a vested interest in the marital property prior to the bankruptcy petition being filed. Accordingly, *Cole* and *Palmer*, in addition to *Abma*, which relied upon these cases, are not controlling.

In addition, the present case is unlike those cases in which the court found that the bankruptcy trustee's rights under § 544 are superior to those of the non-perfected rights of the debtor spouse. For example, in *Fisher*, the court recognized the trustee's status as a hypothetical lien creditor and hypothetical bona fide purchaser pursuant to § 544 and noted that the non-debtor spouse's failure to file a lis pendens to give notice of the divorce proceeding so as to perfect her interest in martial property owned by the debtor spouse would have allowed the debtor to convey

5

such property free of the non-debtor spouse's vested interests. Therefore, a judgment lien creditor or bona fide purchaser of real estate would have taken title free and clear of the non-debtor spouse's interest under Colorado law, which required the non-debtor spouse to establish a separate recorded interest in the real estate. *Fisher*, 67 B.R. at 669. Illinois law does not require a spouse to establish a separate recorded interest to protect his or her interest; therefore, the underpinnings of *Fisher* (and *Perlow*) make their holdings inapplicable to the instant case, which is decided pursuant to Illinois law. *See In re Bennett*, 175 B.R. 181, 186 (E.D.Penn. 1994) (finding that debtor trustee's status pursuant to § 544 did not override non-debtor spouse's vested interest because Pennsylvania law did not require a separate recorded interest by the spouse).

In the present case, the Bankruptcy Court lifted the mandatory stay to allow the state court to determine Taisa's interest in the property. Before the state court made such determination, the Bankruptcy Court authorized the sale of the family residence after finding that Taisa's rights in the property were that of an unsecured creditor. As discussed above, this determination was incorrect. The Bankruptcy Court should have waited to determine if the sale of the family residence was authorized until after the state court determined Taisa's interest in the property.

While the Bankruptcy Court ruled in the alternative that the sale was also appropriate pursuant to § 363(h), the court did so without holding an adversary hearing as required by Bankruptcy Rule 7001(3). Furthermore, the Bankruptcy Court will need to wait until the state court determines Taisa's rights in the property before being able to determine if the elements of § 363(h) have been met. *See In re Johnson*, 51 B.R. 439, 444 (E.D.Penn. 1985).

For the reasons state above, the Bankruptcy Court's February 13, 2001 Order granting the

sale of the real estate located at 153 Founders Pointe, South Bloomingdale, Illinois, is reversed. The Court remands this case to the Bankruptcy Court for further proceedings consistent with this opinion.

Dated: July 5, 2001

JOHN W. DARRAH
United States District Judge